UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In the Matter of | ) | Chapter 13 |
| | ) | |
| SHIRLEY ANN GINWRIGHT | ) | Case No. 20-10872-KHK |
| | ) | |
| Debtor | ) | |

**RESPONSE TO OBJECTION TO PROOF OF CLAIM**

Oxford Station Townhouse Association, by undersigned counsel, files this Response to Objection to Proof of Claim, and in support states.

**BACKGROUND**

1. On May 29, 2020, Oxford Station filed a proof of claim in the amount of $6,966.43 as Claim No. 12. The claim included copies of the judgments, liens and account statements in support of the claim. The claim relates to a rental property owned by the Debtor located at 1227 Thomas Jefferson Place in Fredericksburg, Virginia.

2. Debtor's account with Oxford Station was referred to collections with the association's collection agency on May 15, 2015 with a balance due of $1,924.96 for past due assessments. See Claim No. 12 at page 19 of 24.

3. Debtor's account remained in default and Oxford Station filed suit in the Stafford General District Court on March 7, 2018 with an original hearing date of April 16, 2018. A copy of that Court's docket is attached hereto as **Exhibit 1**. As a result of that suit, Oxford Station was awarded a judgment against the debtor on August 27, 2018 in the Principal Amount of $3,364.36, court costs of $61.00, attorney's fees of $800.00 and post judgment interest at 6%

1

from the date of entry of judgment. With interest through the date of Debtor's petition, the total due on that judgment is $4,614.70.

4.  That judgment was subsequently docketed as a lien with the Stafford Circuit Court on or about October 12, 2018. See **Exhibit 2**.

5.  On August 27, 2018, Oxford Station issued a Memorandum of Lien for Association Assessments in the total amount of $1,200.00. See Claim No. 12 at p. 14 of 24.

6.  On or about June 11, 2019, Oxford Station initiated proceedings to foreclose on the Property with the foreclosure sale was scheduled for March 23, 2020.

7.  The difference between the Proof of Claim, judgment, and Memorandum of Lien is $1,151.73 for Oxford Stations collection costs, including pursuing a foreclosure of its lien.

8.  On June 21, 2020, Debtor filed an Objection to the Proof of Claim.

## ARGUMENT

Oxford Station's proof of claim is composed of three parts: (1) The judgment; (2) the statutory lien; and (3) costs associated with its attempted foreclosure. Debtor makes no argument in her Objection, and cites no law in her Objection whatsoever, to support her claim that the alleged lack of elections relieves her from her obligation to pay assessments. Debtor cannot avoid the assessments because they run with the land and she cannot now collaterally attack the judgment entered against her.

I. **DEBTOR'S OBLIGATION TO PAY ASSESSMENTS, COSTS, INTEREST AND REASONABLE ATTORNEY'S FEES RUNS WITH THE LAND.**

Debtor's obligation to pay assessments and costs of collection is not contingent on the existence of a board and are contained in both the association Declarations and the By-Laws. Those covenants run with the land:

> AND, all of the parties hereto and each of them, declare that all of the property herein described, as shown on the aforementioned plat of Sullivan-Donahoe & Associates, shall be held, sold and conveyed subject to the following Easements, Covenants, Conditions and Restrictions, which are for the purpose of protecting the value and desirability of said property, which Easements, Covenants, Conditions and Restrictions shall be deemed covenants real running with the land and shall be binding on all parties having any right, title or interest in the described properties or any part thereof, their heirs, successors and assigns, and shall inure to the benefit of each owner thereof. See **Exhibit 3** – Declarations.

Article V of the Declaration is titled "Covenant for Maintenance Assessments." Section 1 of Article V provides: "<u>Creation of the Lien and Personal Obligation of Assessments</u>. Each owner o any improved Lot by acceptance of a Deed therefore, whether or not it shall be so expressed in any Deed or other conveyance, is deemed to covenant and agree to pay the Association: (a) Annual assessments or charges, and (b) Special assessments…" See **Exhibit 3**.

Article V, Section 8 of the Declaration provides:

If any assessment is not paid within thirty (30) days after the due date, the assessment shall bear interest from the date of delinquency at the rate of six percent (6%) per annum, and the Association may bring an action at law against the Owner personally obligated to pay the same, or foreclose the lien against the property, and interest, costs, and reasonable attorney's fees of any such action shall be added to the amount of such assessment. See **Exhibit 3**.

Article XII, Section 8 of the By-laws states:

<u>Effect of Nonpayment of Assessments: Remedies of the Association</u>. If any assessment is not paid within (30) days after the due date, the assessment shall

bear interest from the date of delinquency at the rate of six percent (6%) per annum, and the Association may bring an action at law against the Owner personally obligated to pay the same, or foreclose the lien against the property, and interest, costs, and reasonable attorney's fees of any such action shall be added to the amount of such assessment.   See **Exhibit 4** – Bylaws.

Debtor's obligation to pay assessments, costs, interest and reasonable attorney's fees run with the land and she cannot be relieved of that obligation simply because of an alleged failure of the association to elect a new board.

## II. DEBTOR MAY NOT COLLATERALLY ATTACK THE JUDGMENT.

Pursuant to Article V of the Declaration, Debtor is personally obligated to pay assessments.  Debtor may not now collaterally attack the judgment entered against her.  "It is well established that '[i]n the absence of fraud, accident or surprise, a judgment, when entered and no appeal taken, is conclusive, even though the judgment is manifestly wrong in law or fact.'" Quarles v. Miller, 86 F3d 55, 57 (4th Cir. 1996) citing Carpenter v. Ingram, 152 Va. 27, 146 S.E. 193, 195 (1929).  Debtor makes no argument that the judgment entered in 2018 was obtained by fraud, accident or surprise or that it is somehow void.[1]  Debtor was personally obligated to pay the assessments and Debtor may not now collaterally attack that judgment.

## III. OXFORD STATION WAS ENTITLED TO DOCKET A LIEN FOR ASSESSMENTS, COSTS AND REASONABLE ATTORNEY'S FEES.

Virginia Code Section 55.1-1833 provides that "The association shall have a lien, once perfected, on every lot for unpaid assessments levied against that lot in accordance with the provisions of this chapter and all lawful provisions of the declaration." VA CODE ANN. §55.1-

---

[1] "A void judgment is one that has been procured by extrinsic or collateral fraud, or entered by a court that did not have jurisdiction over the subject matter of the parties." Rook v. Rook, 233 Va. 92, 353 S.E.2d 756, 758 (1987)

1833(A). (2019)  The Declaration, Bylaws and Virginia Code all specifically authorized Oxford Station to perfect a lien against the property.  Debtor cites no legal authority to suggest that the association was prohibited from establishing a lien against the Property.

**IV.    DEBTOR IS LIABLE TO OXFORD STATION FOR ITS COSTS OF ATTEMPTING TO COLLECT, INCLUDE THE COSTS OF FORECLOSURE.**

The Declaration and By-laws explicitly state the costs of Oxford Station's attempts to collect its assessments and foreclose on its lien "shall be added to the amount of such assessment.  On June 11, 2019, Oxford Station initiated foreclosure proceedings and it's collection agent added a "Non-judicial foreclosure" fee in the amount of $3,445.00. to the outstanding balance.  It then proceeded with foreclosure by, among other things, ordering a title search, having a deed of appoint prepared and recorded, preparing notices of sale, and prepare an advertisement for the sale and the sale was scheduled for March 23, 2020. Debtor filed her bankruptcy petition three days prior to the sale on March 20, 2020.  Oxford Station did not include the entire $3,445.00 "Non-judicial foreclosure" fee for the aborted foreclosure.  Instead, it claims only $1,151.73 in collection costs associated with the sale through that point.

## CONCLUSION

Debtor has not paid her assessments in years and her excuse that a board was not elected does not alleviate from her obligation to pay assessments, which run with the land.  She cannot now collaterally attack the judgment entered against her and she cannot avoid the lien and costs associated with its foreclosure.  Wherefore, Oxford Station respectfully requests that her Objection to her proof of claim be overruled.

Oxford Station Townhouse Association
By Counsel:

Dated: 8/13/2020

/s/ John R. Griffin
John R. Griffin, VSB#71035
john.griffin@griffinpllc.com
P.O. Box 1295
129 E. Davis Street, Suite 240
Culpeper, VA 22701
(571) 308-5820

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 13th day of August, 2020, the following person(s) were or will be served with a copy of the foregoing Notice of Objection via the CM/ECF system or by first class mail, postage prepaid:

Thomas P. Gorman, Trustee
300 N. Washington Street, Suite 400
Alexandria, VA 22314

Barry Weintraub, Esquire
2124 Jefferson Davis Hwy, Suite 201
Stafford, VA 22556

Shirley Ann Ginwright
11615 Gunston Road
Lorton, VA 22709

/s/ John R. Griffin
John R. Griffin, VSB#71035
john.griffin@griffinpllc.com
P.O. Box 1295
129 E. Davis Street, Suite 240
Culpeper, VA 22701
(571) 308-5820

6