**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

IN RE:        Shrilly Ann Ginwright              CASE NO. 20-10872 KHK

                  Debtor                          Chapter 13

## OBJECTION TO AMENDED CLAIM #12

COMES NOW Debtor, by counsel, to Object to Amended Claim #12 filed on behalf of the Oxford Station Townhouse Association ("Oxford Station") in the above numbered case. Debtor objects to Amended Claim #12 for $9,143 filed on January 5, 2021. This "amended claim" seeks to add $2,168 in post-petition charges to its pre-petition claim of $6,966 for a total claim of $9,143. Debtor now object to this post petition $2,168.

1. "Claimant" filed an amended claim for a postpetition debt using Official Form 410 without the explicit permission of the Court.

2. This postpetition claim contains no information as to how it rightfully stems from the Covenants and Declarations of the Homeowner Association.

3. Though it has been raised many times before in this case, "Claimant's claim" does not contain any documents or information as to how the Oxford Station Townhouse Association has authority to make its claim. The homeowner association has not had an election having a quorum of homeowners that is necessary to elect officers and directors in

over 15 years. In fact, a so called annual meeting of homeowners was *again* conducted only 60 days ago without an effort to collect a necessary quorum of homeowners to elect a board of directors and officers.

The bylaws and the election rules for the board of directors are the essence of community self-government and what confers lawful authority. "Claimant's" bylaws require annual elections with specified quorums. There is no hold over clause for the directors of this association. The Supreme Court of Virginia, in Anderson v. Lake Arrowhead Civic Ass'n, Inc., 483 S.E.2d 209, 253 Va. 264 (1997) (attached), requires the strictest construction and compliance with bylaws. In Lake Arrowhead a simple failure of what was called "a ministerial mistake" (timely filing a letter renewing its authority with the Stafford County Clerk) resulted in the loss of the power to charge and collect on nearly all community assessments. What can be a greater violation of an association's bylaws than not having bona fide elections to the Board and permitting individuals to simply appoint themselves ?

WHEREFORE Debtor prays that so called Amended Claim #12 be dismissed and that claimant be held responsible for Debtor's attorney fees and costs in this matter.

                                      Respectfully submitted,

                                      /s/ Barry Weintraub
                                      Counsel for Debtor

                                      Barry Weintraub
                                      Attorney at Law
                                      32 Hayes St.
                                      Stafford, VA 22556
                                      540-658-9980

## CERTIFICATE OF SERVICE

      I hereby certify that I have this March 5, 2021 served via the CM/ECF system or sent by first class mail a true copy of the foregoing Objection to Claim and Notice of the Objection to the following parties.

/s/ Barry Weintraub

Thomas P. Gorman, Esq.
300 N. Washington St., #400
Alexandria, VA 22314
Chapter 13 Trustee

Oxford Station Townhouse Association
c/o Association Management
101 Sunningdale Dr
Stafford, VA 22556

Walter J. Buzzetta, Esq.
Stradley Ronon Stevens & Young, LLP
2000 K Street, N.W., Suite 700
Washington, D.C. 20036
Defense Counsel

Peter C. Biberstein, Esq.
Thomas, Thomas & Hafer, LLP
1025 Connecticut Ave. NW Suite 608
Washington, D.C. 20036
Defense Counsel